Deloyd HILL, Jr., Appellant

v.

The STATE of Texas.

No. A14–81–610–CR.

Court of Appeals of Texas,
Houston (14 Dist.).

April 29, 1982.

Allen C. Isbell, Houston, for appellant.

Winston Cochran, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

We withdraw the opinion filed March 4, 1982, and substitute therefor the following opinion in its entirety.

This is an appeal from a conviction by jury for the offense of rape. The court, finding the enhancement paragraph contained in the indictment to be true, assessed punishment at 99 years imprisonment in Texas Department of Corrections.

In two grounds of error Appellant complains that the trial court erred in admitting into evidence (1) an umbrella and (2) testimony as to the lineup identification of Appellant, both of which were obtained as a result of an illegal arrest by private citizens. For the reasons discussed below, we overrule both grounds of error and reform and affirm the judgment of the trial court. 641 S.W.2d 543.

The complaining witness testified that she was alone in her apartment in Houston, Texas, during the afternoon of December 29, 1979, when she discovered that Appellant, a stranger to her, had entered her apartment uninvited. Appellant asked directions and to use her telephone and then followed Complainant into the bathroom where she had retreated in fright. Appellant held an umbrella near Complainant's face in a threatening manner, took her into the bedroom, stripped her, and had sexual intercourse with her without her consent. Appellant also forced Complainant to perform fellatio on him. Appellant then took a radio and tape deck from the apartment and demanded that Complainant get dressed and drive him to Orem Street in her car. A neighbor, Chester Halliburton, saw Appellant leave the apartment carrying stereo equipment and an umbrella and holding onto Complainant's arm. During the ride to Orem Street Appellant took $50 from Complainant's purse. After Appellant got out of the car on Orem Street, Complainant drove to her mother-in-law's house for help. The two women went to the hospital and then reported the incident to the Houston Police who began investigating the incident that evening. The next day, as Complainant and her husband were driving to the police station to complete the report, Complainant spotted Appellant, who was carrying an umbrella and wearing the same clothes he had worn the previous day, as he walked across a parking lot and passed within a few feet of her car. Complainant and her husband watched Appellant walk into a nearby apartment complex and then called the police. The police responded to the call and searched the area but, unable to find Appellant, left the scene. Meanwhile, Complainant's husband had called his two brothers, who came and searched for

Appellant. The two brothers succeeded in locating Appellant. They apprehended him at gun point, effecting a "citizens' arrest," and transported him to the Bellaire Police Station. Appellant was subsequently transferred by the police to the Houston Police Station where, later the same day, he was placed in a lineup and positively identified by Complainant.

It is undisputed that the arrest of Appellant was not authorized by Tex.Code Crim. Pro.Ann. art. 14.01 (Vernon 1977), which permits arrest by a person not a peace officer without warrant "when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against public peace." Appellant contends on appeal that because he was arrested without warrant in violation of state law, the evidence seized as a result of that arrest must be suppressed in accordance with Tex.Code Crim.Pro.Ann. art. 38.23 (Vernon 1979), which provides in partinent part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

▪ First we consider the admissibility of testimony about the lineup identification which followed the illegal arrest effected by the Complainant's brothers-in-law. In our opinion the trial court did not commit reversible error in admitting that evidence, for the exclusionary rule of the fourth amendment of the United States Constitution applies only to governmental action. The exclusionary rule is a deterrent sanction not applicable where a private party commits the offending act. *United States v. Janis,* 428 U.S. 433, 455 n. 31, 96 S.Ct. 3021, 3032 n. 31, 49 L.Ed.2d 1046 (1976); *Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1925). There is no evidence in the instant case to suggest that Complainant's brothers-in-law were acting at the suggestion of or as agents of law enforcement officers. In our opinion no governmental action was involved here. The citizens acted on their own initiative in illegally attempting to arrest Appellant. While we would not want to encourage citizens to undertake vigilante actions, we conclude that no federal constitutional violation is involved here. The Texas statute, quoted above, goes beyond the requirements of the federal constitution. However, the record reveals that Appellant's Motion to Suppress Illegal Identification and his related trial objection did not invoke the protection of the statutory exclusionary rule but only sought that protection provided by federal constitutional law. The Court of Criminal Appeals has held in similar circumstances that one may not for the first time on appeal urge an objection not raised at trial. *Nelson v. State,* 607 S.W.2d 554 (Tex.Cr.App.1980). Because Appellant raised no objection invoking the laws of the state (i.e., the additional protection of article 38.23), that error is not presented for review.

▪ Next we consider the admissibility of the fruit of the illegal arrest, the umbrella. Nineteen days after filing his motion to suppress the lineup identification, Appellant filed a separate written motion to suppress the umbrella and any other items seized as a result of the unlawful arrest. The second motion to suppress cites no authority but merely asserts the umbrella was seized incident to an illegal arrest "made at gunpoint by private citizens acting as vigilantes." A general objection is not sufficient to apprise the trial court of the complaint urged, and presents nothing for review. *Vela v. State,* 516 S.W.2d 176 (Tex.Cr.App.1974). A specific objection is necessary to inform opposing counsel and the trial judge of the basis of the objection and afford the court an opportunity to rule on it. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App. 1977). A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State,* 617 S.W.2d 949, 952 n. 10 (Tex.Cr.App.1981). During trial a hearing was held outside the presence of the jury on both motions to suppress, and both motions were overruled.

The trial judge had before him two motions to suppress, one expressly relying on federal constitutional grounds and the other, described by the judge as a "general catchall motion," specifying no grounds whatsoever. We can find nothing in the record of the hearing to show that defense counsel presented any authority in support of his broadly worded motion or called to the attention of the trial judge the specific ground of his complaint. In our opinion Appellant's imprecise, general motion and objection did not apprise the trial court of the legal ground of his complaint. Appellant failed to specify the statutory grounds of his complaint and has therefore waived error on appeal. *Nelson v. State, supra.* See also: *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981).

 Furthermore, even if we assume arguendo that the umbrella and lineup identification should have been excluded as fruits of an illegal arrest, the error is in our opinion harmless. When the admission of illegally seized evidence is an error of constitutional dimension, it may be declared harmless error if the reviewing court is able to declare that it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Holcomb v. State,* 484 S.W.2d 929 (Tex.Cr.App.1972). Texas law does not require reversal when evidence erroneously admitted does not injure the defendant; the test is whether there is a reasonable probability that the evidence complained of contributed to the conviction. *Bass v. State,* 622 S.W.2d 101 (Tex.Cr.App.1981). On similar facts in *Clay v. State,* 518 S.W.2d 550 (Tex.Cr.App.1975), the Court of Criminal Appeals has held error which reached constitutional proportions to be harmless. In *Clay* and in the instant case, the evidence of guilt was overwhelming and undisputed and no defense was offered. Complainant had ample time to observe Appellant closely during the daylight attack and while driving Appellant to Orem Street. It was again daylight when Complainant observed Appellant at close range on the street. Prior to the overruling of Appellant's motions to suppress, Complain-

ant took the witness stand and, based on her recollection of occurrences at the time of the offense, described in detail Appellant, his clothing, and the umbrella he used to threaten her. Defense counsel offered no objection. Complainant's in-court identification of Appellant and the umbrella was unequivocal, detailed, and uncontested. Halliburton's testimony corroborated that of Complainant. Halliburton testified that he observed Complainant and Appellant from a distance of about five feet. His description and identification was also detailed and unequivocal. Both Complainant and Halliburton made positive in-court identifications of Appellant based on observations at the time of the offense and independent of the lineup identification. In our opinion the admission into evidence of the umbrella and testimony as to the lineup identification added little to the State's case. The error, if any, did not injure Appellant and is harmless beyond a reasonable doubt.

 The State has requested that we reform the judgment to show that, upon the record before us, Appellant was convicted of the offense of rape. Judgment and sentence may be reformed on appeal when the Court of Criminal Appeals has before it the necessary data and evidence. *Knight v. State,* 581 S.W.2d 692, 694 (Tex.Cr.App. 1979). Effective September 1, 1981, the courts of appeals also have power to reform judgments. Tex.Code Crim.Pro.Ann. art. 44.24 (Vernon Supp.1982). Where the court charges the jury on only one of two or more counts contained in the indictment, the jury's verdict is limited to the charge submitted, and the judgment based on a jury verdict of "guilty as charged in the indictment" is properly reformed to read that the defendant was found guilty of that count which the court submitted to the jury. *Selvidge v. State,* 171 Tex.Cr.R. 140, 345 S.W.2d 523 (App.1961); *Franco v. State,* 491 S.W.2d 876 (Tex.Cr.App.1973). In the instant case Appellant was indicted for burglary of a habitation with intent to commit rape and rape. However, the court charged the jury only on the offense of rape. The

verdict shows that the jury found Appellant guilty "as charged in the indictment," and the judgment recites that Appellant is "guilty of the offense of burglary of a habitation with intent to commit rape and rape." We order the judgment reformed to read that Appellant is adjudged guilty of rape.

We affirm the judgment of the trial court as reformed.