WADE V. STATE 








NO. 10-90-169-CR


IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          HARVEY BYRON WADE,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From the 249th Judicial District Court
Johnson County, Texas
Trial Court # 27593

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was convicted by a jury of the offense indecency with a child and sentenced to
ten years in prison. See Tex. Penal Code Ann. § 21.11 (Vernon 1989). We will affirm.
          Appellant complains in his first two points that the trial court erred in denying his motion
to suppress and in failing to declare a mistrial when the results of a polygraph test were disclosed
to the jury. 
          The first question we must address is whether the motion which Appellant filed with the
court was a motion to suppress or a motion in limine. Appellant titled the document "Motion to
Suppress Testimony;" however, that is not the determining factor in deciding whether it is a
motion to suppress or a motion in limine. 
          A motion to suppress is a specialized objection regarding the admissibility of evidence. 
Hill v. State, 643 S.W.2d 417, 419 (Tex.App.—Houston [14th Dist.] 1982) aff'd, 641 S.W.2d 543
(Tex.Crim.App. 1982). Suppression is the proper remedy when evidence is illegally obtained in
violation of the defendant's rights. Jackson v. State, 717 S.W.2d 713, 715 (Tex.App.—San
Antonio 1986, pet. ref'd, untimely filed). Article 28.01 of the Code of Criminal Procedure vests
the trial court with the discretion of whether to hold a hearing on a pre-trial motion to suppress. 
Tex. Code Crim. Proc. Ann. art. 28.01 (Vernon 1989); Calloway v. State, 743 S.W.2d 645,
649 (Tex.Crim.App. 1988); Roberts v. State, 545 S.W.2d 157, 158 (Tex.Crim.App. 1977). The
court may choose to determine whether to suppress the evidence complained of during the trial on
the merits when a proper objection is lodged. Calloway, 743 S.W.2d at 649. Even if the
defendant specifically requests a pre-trial suppression hearing, no error is presented if the court
declines to hear the matter. Id. The accused has not been denied any right since he may raise any
appropriate objection at trial. Id. If the trial judge proceeds with a hearing on the motion to
suppress, he is vested with the discretion to believe or disbelieve any or all of witness's testimony
since he is the fact-finder for purposes of the suppression hearing. Walker v. State, 588 S.W.2d
920, 924 (Tex.Crim.App. 1979); Luckett v. State, 586 S.W.2d 524, 527 (Tex.Crim.App. 1979). 
If the motion to suppress is denied, it is not necessary that the defendant renew his objection
during the trial on the merits in order to preserve error, since he has received an adverse ruling. 
Peake v. State, 792 S.W.2d 456, 458-59 (Tex.Crim.App. 1990). If a motion to suppress is
granted, it is necessary for the defendant to object to the excluded evidence if interjected at trial
in order to preserve error. Tex. R. App. P. 52(a).
          A motion in limine seeks to exclude objectionable matters from coming before the jury
through a posed question, jury argument, or other means. Norman v. State, 523 S.W.2d 669, 671
(Tex.Crim.App. 1975). In essence a motion in limine's fundamental purpose is to obtain an order
requiring an initial offer of objectionable evidence out of the jury's presence. M. Teague, B.
Helft, 3 Texas Criminal Practice Guide § 73.02[2] (1990). By its own nature it is wider in
scope than the sustaining of an objection made after the objectionable matter has been expressed. 
Norman, 523 S.W.2d at 671. Additionally, a motion in limine is subject to reconsideration by the
court at any time during trial because it may not be enforced to exclude properly admissible
evidence. Id. When the trial court grants a motion in limine we do not "know what, if any,
specific evidence or other matters have been excluded." Id. It is the offer and ultimate ruling to
exclude evidence that creates a record suitable for us to determine whether reversible error
occurred. Id. The remedy for violation of a motion in limine rests with the trial court. Brazzell
v. State, 481 S.W.2d 130, 131 (Tex.Crim.App. 1972). The trial court may hold the litigant in
contempt or use any other appropriate remedies. Id. It is not the granting of the motion in limine
which constitutes grounds for error on appeal, but the exclusion of the evidence when offered with
a request for reconsideration. Norman, 523 S.W.2d at 671. 
          The established rule prohibits the admission of evidence regarding the results of a
polygraph test by the state or the accused. Shiflet v. State, 732 S.W.2d 622, 630 (Tex.Crim.App.
1985); Nethery v. State, 692 S.W.2d 686, 700 (Tex.Crim.App. 1985). The motion in question
was filed by Appellant immediately before the testimony of Richard Wood, a polygraph examiner. 
The motion sought to exclude (1) Wood's testimony entirely since he was a paid agent of the State
and had not given Appellant a Miranda warning before the questioning and (2) the results of a
polygraph examination. The judge allowed Appellant to take Wood on voir dire and then the State
tendered Wood's testimony that Appellant admitted that he had rubbed the victim's vagina. The
court then overruled Appellant's motion; however, he did instruct the State "to stay totally and
completely clear from any questions involving the polygraph that was administered or the results
. . . ." The question of whether this motion is a motion in limine or a motion to suppress is
decisive, since an adverse ruling on a motion in limine preserves nothing for our review and an
adverse ruling on a motion to suppress preserves error. See Gonzales v. State, 685 S.W.2d 47,
50 (Tex.Crim.App. 1985); Roberts, 545 S.W.2d at 158.
          The motion first sought to exclude the testimony of Wood since he was an agent of the
State and did not give Appellant a Miranda warning. This first ground of exclusion is based upon
a violation of Appellant's rights and therefore is proper in a motion to suppress. The second and
third grounds of exclusion are based upon the rule prohibiting admission of polygraph results and
that effective cross-examination of the witness is impossible without disclosing the polygraph
results. These two grounds of exclusion are an attempt by Appellant to prohibit the introduction
of polygraph results into evidence before the jury. Therefore, the proper method of exclusion
would be by a motion in limine. Since we have the benefit of the hearing made upon Appellant's
motion, we determine the motion regarding the suppression issue was properly denied since the
witness testified at the hearing that he had administered a Miranda warning to Appellant. As to
the grounds of exclusion proper for a motion in limine, the court in effect granted that portion of
the motion by its instruction "to stay totally and completely clear from any questions involving the
polygraph that was administered or the results . . . ." Nothing is preserved by the court granting
a motion in limine, and it then is Appellant's responsibility to object at trial in order to preserve
the error if any of the objectionable evidence comes in. M. Teague, B. Helft, 3 Texas
Criminal Practice Guide § 73.02[4][b] (1990); Tex. R. App. P. 52(a). In Appellant's brief he
argues that the following questioning, which occurred during the trial and before the jury, was
error since it raised the polygraph issue:
[PROSECUTOR]:Mr. Wood, you're basically paid to give your opinion
about the truthfulness and the specific facts that are given to you by interviewed
subjects; is that right?
[WITNESS]: Yes, sir.
[PROSECUTOR]:That's basically what you're paid for?
[WITNESS]: Yes, sir.
[PROSECUTOR]:You report your interview findings to the person that
has hired you to conduct the interview?
[WITNESS]: That's correct.
[PROSECUTOR]:Have you given opinions in full belief of those
opinions when you have interviewed a person who's denied any sexual activity.
[WITNESS]: Yes, Sir.
[APPELLANT'S ATTORNEY]: Your Honor, as an extent, I would object
to his opinion in this matter because that's beginning to invade the province of the
jury.
THE COURT: Sustained.
[APPELLANT'S ATTORNEY]: I would ask The Court to instruct the jury
to disregard that answer.
THE COURT: The jury is instructed to disregard the witness's opinion.
[APPELLANT'S ATTORNEY]: I would ask The Court for a mistrial at
this time based on it.
THE COURT: Denied.
[APPELLANT'S ATTORNEY]: Note my exception.
The problem presented is that Appellant raised a different objection at trial than on appeal. 
Without a proper trial objection on the same grounds as the complaint on appeal nothing is
preserved for our review. Rezac v. State, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990); Pyles v.
State, 755 S.W.2d 98, 116 (Tex.Crim.App. 1988).
          Later in the trial, Appellant's wife, while being questioned by the State, interjected that
Appellant failed the lie detector test. Now, the Appellant complains that a mistrial should have
been granted since the results of the test were revealed to the jury. At trial, Mrs. Wade's
testimony proceeded as follows:
[PROSECUTOR]: Did you have an opportunity to go to the jail and visit
with your husband?
[WITNESS]: Yes, sir, I did.
[PROSECUTOR]: And during the course of that interview, isn't it true that
he admitted he had touched [the victim]?
[WITNESS]: No, sir. He didn't admit to that. He only admitted he had
failed the lie detector test is what he told me.
[PROSECUTOR]: Do you know who Sharon Anderson is?
[WITNESS]: No, sir. Someone came to see me at my home and I was very
upset. I do not remember her name.
[PROSECUTOR]: Do you know who Robin Anderson is?
[WITNESS]: No, sir, I don't.
[APPELLANT'S ATTORNEY]: Your Honor, may we approach the
bench?
(The following proceedings were held at the bench out of the hearing of the
jury.)
[APPELLANT'S ATTORNEY]: I'm kind of at a loss of what kind of
objection to make. She has brought up that polygraph test. I object to that
testimony. It's inadmissible. I don't particularly want to object before the jury and
bring all their attention to it. I object to the testimony. The State has called her
as their witness. She has said there is a polygraph test involved.
THE COURT: Her answer was not responsive to the question.
. . . .
[APPELLANT'S ATTORNEY]: Perhaps an instruction to the witness to
listen carefully to the questions and answer only what's been asked.
THE COURT: I'll give that.
[APPELLANT'S ATTORNEY]: I would request that.
. . . .
(The following was had in open court in the presence of the jury, the
defendant, and all counsel.)
THE COURT: Ma'am, I'm going to instruct you as a witness to listen
carefully to the questions propounded by counsel and answer those as succinctly as
you can and don't volunteer additional narrative statements, if you please.
The Court's compliance with Appellant's request and the lack of further requested relief by
Appellant presents nothing for review since Appellant received all relief requested. See Reese v.
State, 531 S.W.2d 638, 641 (Tex.Crim.App. 1976). The prosecutor then continued his
questioning of Appellant's wife as follows:
[PROSECUTOR]: My question to you, Mrs. Wade, is did you have a
conversation after your husband was charged with this crime?
[WITNESS]: Yes, sir.
[PROSECUTOR]: Did you go to Mrs. Anderson's house?
[WITNESS]: Yes, sir, I did.
[PROSECUTOR]: Why did you go?
[WITNESS]: Because I was due to babysit her daughter the next day. She
was a personal friend of Margie's and I did not think I should let the child come to
my home under the circumstances. It might hurt my husband because he had been
charged and I didn't think it was a good idea to have the child there because he had
told me he did not pass the lie detector test.
[PROSECUTOR]: Mrs. Wade, it's very important that you listen to my
questions.
[WITNESS]: Okay.
[PROSECUTOR]: [The Appellant's attorney] is here and he'll have an
opportunity to ask you further questions.
[WITNESS]: Okay, sorry.
[PROSECUTOR]: Did you tell Mrs. Anderson--
[APPELLANT'S ATTORNEY]: Your Honor, may we approach the bench
one more time?
THE COURT: You may do so.
(The following proceedings were held at the bench out of the hearing of the
jury.)
[APPELLANT'S ATTORNEY]: Your Honor, at this time The Court has
properly admonished the witness about responses and I do not personally feel it is
any fault of The State and certainly don't feel it is any fault of my own. The
statement about the lie detector test has been twice and I would ask The Court for
a mistrial.
THE COURT: Denied.
[APPELLANT'S ATTORNEY]: Note my exception.
Neither of Appellant's objections to admission of the testimony regarding the polygraph
examination was timely since an objection must be lodged at the earliest opportunity. See Tex.
R. App. P. 52(a); Stevens v. State, 671 S.W.2d 517, 521 (Tex.Crim.App. 1984). Therefore,
nothing is preserved for our review. Additionally, had the objection been timely the statement by
the witness was interjected on her own accord after being instructed by the court to answer only
the question asked of her. We cannot see how a non-responsive answer by a hostile witness can
be error. Appellant's first and second points of error are overruled.
          In Appellant's final point he complains that the trial court erred in overruling his objection
to the court's instructions to the jury contained in the charge. The instruction complained of is
as follows:
Our law provides that evidence of the administration or the results of any instrument whose
object is to test the truthfulness of a person's statements are not admissible for any
purpose. If there has been such evidence before you on the trial of this case, you are
instructed to disregard such evidence and not consider it for any purpose whatsoever in
your deliberations.
Appellant objected to the inclusion of this instruction since the instruction was given to the jury
at the time the evidence was interjected and to instruct the jury on the law again would only serve
to compound the problem.
          When examining alleged error in the charge, we must review the charge as a whole without
limiting our review to any part standing alone. Inman v. State, 650 S.W.2d 417, 419
(Tex.Crim.App. 1983). Since the instruction objected to by Appellant was a correct statement of
the law in Texas regarding the admissibility of polygraph results, we cannot see how, after
reviewing the charge as a whole, its inclusion would constitute reversible error. Appellant's final
point is overruled and the judgment of the trial court is affirmed.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed 
Opinion delivered and filed July 11, 1991
Publish