Affirmed and Memorandum Opinion filed April 13, 2006









Affirmed
and Memorandum Opinion filed April 13, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01124-CR

____________

 

CATHY RUSHING
HINES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 972,480

 



 

M E M O R A N D U M  O P I N I O N

Appellant Cathy Rushing Hines challenges
her conviction for theft as a third-time offender and asserts that the trial
court erred in admitting into evidence her post-arrest admission that she was
on parole, as well as the opinion testimony of two loss prevention officers
that appellant intended to deprive a department store of its property. We
affirm. 

I.  Factual and Procedural Background








On December 28, 2003, Taurus Lindsay was
working as a loss prevention officer at one of Houston=s Wal-Mart
locations.  Lindsay=s duties in the
store included watching for shoplifting, price switching, and fraud in
connection with the return of store merchandise.  Lindsay walked the floors of the store and
watched for individuals engaging in suspicious behavior.  On this particular day, Lindsay and his
partner, Charles Okwuonu  observed
appellant walking around the store loading various items into her cart. Among
the items appellant selected were a globe, two sheet sets, and a comforter set.
While loading these random items into her cart, appellant appeared to be
looking around for cameras and other security devices.  Appellant took the items to the front of the
store where she joined another woman in the customer service line.  Lindsay testified that appellant gave the
items to the cashier and obtained a gift card in return, and the two women then
walked over to the McDonald=s food service
counter across the store.  Lindsay and
Okwuonu approached the two women and took them to the security office for
questioning. At this time, appellant had the gift card in her possession.[1]  








Appellant asked if she could return to her
vehicle and speak to her minor son. 
While Lindsay escorted appellant out of the store to her car, appellant
openly told Lindsay that she Ahad been in
trouble@ and was currently
Aon parole.@ Appellant asked
Lindsay whether Wal-Mart was going to prosecute her, and Lindsay informed her
that it was the store=s policy to prosecute all individuals for
theft.  Appellant=s son was removed
from the car and someone was called to retrieve him.  Appellant was escorted back to the store=s security office,
where she repeated her statements about being on parole. Appellant further
stated that because of her past criminal conduct, she and her cousin had
decided that it would be best if her cousin, who had never been in trouble with
the law before, took all the blame. 
Lindsay and Okwuonu then called the Houston Police Department and
officers  came to the store and arrested
both appellant and her cousin. 

Appellant=s cousin, Ella Rushing,
testified at appellant=s trial that due to the long lines at the
customer service desks, she told appellant that she would stand in line while
appellant went into the store to pick up items that she wished to get in
exchange for those she was returning.  
Rushing stated that she had no intention of engaging in any criminal
activity until another woman in the line told her how she could obtain a gift
card without having to exchange her own merchandise.   Thus, when appellant returned,  Rushing stated that she took the basket of
shopping items from appellant and went through the line alone while appellant
waited by the McDonald=s counter across the store. 

Appellant was charged by indictment with
the offense of theft, enhanced with two prior theft convictions, thereby
elevating the offense to a third degree felony.   Appellant pleaded not guilty.  

Before trial, appellant filed a motion in
limine to exclude any mention of her oral statements to Wal-Mart personnel
about being on parole.  The trial court
denied this motion and the case proceeded to trial before a jury.  The jury found appellant guilty as charged,
and the trial court assessed appellant=s punishment at
two years= confinement in the state jail. 

II.  Issues Presented

Appellant asserts the following points on
appeal: 

(1)     The
trial court erred in admitting appellant=s statements to Okwuonu and Lindsay that she Ahad been in trouble before@ and was Aon parole@ because the statements were given
during a custodial interrogation without Miranda warnings and violated
the rule set out in Tamez v. State, 11 S.W.3d 198 (Tex. Crim. App.
2000).  

(2)-(3) The trial court erred in
allowing the loss-prevention officers testify and give their opinions as to
whether they believed appellant intended to deprive the store of its property. 

 

 








III.  Analysis

A.      Did the trial court err in admitting into
evidence appellant=s oral statements that she Ahad been in trouble@ and was on parole?

 

In her first
issue, appellant contends that the trial court erred in admitting into evidence
her oral statements that she was Aon parole@ and had Abeen in trouble,@ because these
statements were given during a custodial interrogation without Miranda warnings.  She further asserts that these statements
also constitute improperly admitted evidence of prior convictions used for
jurisdictional purposes. 

As a threshold
matter, we conclude that appellant=s statements
during questioning were not subject to Miranda or article 38.22
protections because she was not in Acustody@ when she made the
statements.  See Tex.Code Crim. Proc. Ann. art. 38.22
(Vernon Supp. 2005).   

The main issue
before this court is whether article 38.22 requires Miranda warnings on
oral statements of the accused taken by private security personnel.   We follow our prior opinion in Oriji v.
State, and conclude that it does not. 
150 S.W.3d 833, 836B37 (Tex.
App.CHouston [14 Dist.]
2004, pet. ref=d).   









Article 38.22
places strict requirements that must be satisfied before oral statements made
as a result of custodial interrogation may be admitted into evidence.  Tex.
Code Crim. Proc. Ann. art. 38.22.  
In Bass v. State, the Court of Criminal Appeals analyzed article
38.22 and concluded the term Acustodial
interrogation@ was intended by the legislature to be
construed consistently with its meaning under the Fifth Amendment of the United
States Constitution. 723 S.W.2d 687, 690‑91 (Tex. Crim. App. 1986).   In Miranda v. Arizona, the United States
Supreme Court defined custodial interrogation as Aquestioning
initiated by law enforcement officers after a person has been taken into
custody or otherwise deprived of his freedom of action in any significant way.@    384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16
L. Ed. 2d 694 (1966); see Escamilla v. State, 143 S.W.3d 814, 821 (Tex.
Crim. App.  2004) (stating that article
38.22 does not apply to non‑law enforcement personnel who are not state
agents).   Appellant does not contend
Okwuonu and Lindsay are law enforcement officers.           We
conclude that the Asafeguards attendant to custodial
interrogation do not come into play unless the person to whom the statements
are made is acting as an agent of law enforcement pursuant to a police
practice.@   Macias
v. State, 733 S.W.2d 192, 195 (Tex. Crim. App. 1987).   Private citizens, even security guards, are
not ordinarily considered Alaw enforcement
officers.@  Ortiz
v. State, 727 S.W.2d 37, 38-39 (Tex. App.BSan Antonio 1987,
pet. ref=d); see also
Hill v. State, 643 S.W.2d 417, 419 (Tex. App.BHouston [14th
Dist.] 1982, no pet.); Lambert v. State, 625 S.W.2d 31, 33 (Tex. App.BSan Antonio 1981,
no pet.). The statements complained of were made to employees of Wal-Mart, who
worked in the loss prevention department.

          There is no evidence in this case to
suggest that the store employees were acting as agents of law enforcement
pursuant to a police practice.   In
determining whether a private citizen (or here, a security guard) is an agent
of the State, we must consider whether the government initiated, knew of, or
acquiesced in intrusive conduct and whether the party performing the search
intended to assist law enforcement efforts or to further his own ends.  Dawson v. State, 868 S.W.2d 363, 369
(Tex. App.BDallas 1993, pet. ref=d) (holding that
wrongful search and seizure by private individual did not violate the Fourth
Amendment). Statements that are not the Aresult of@ or do not Astem from@ custodial
interrogation are admissible under article 38.22 on the question of guilt, and
not merely to impeach a defendant who testifies.  Chambliss v. State, 647 S.W.2d 257
(Tex. Crim. App. 1983); Kohler v. State, 713 S.W.2d 141, 143 (Tex. App.BCorpus Christi
1986, pet. ref'd) (finding that Fourth Amendment protections against searches
apply only to searches conducted by law enforcement personnel).








The record
contains no evidence that either of the employees were law enforcement officers
or agents of law enforcement pursuant to a police practice. Law enforcement
officials did not initiate, know of, or acquiesce in Wal-Mart=s employees
efforts to obtain appellant=s statement, and
the record reflects that appellant voluntarily offered her statements about
being on parole.  See Arnold v. State,
659 S.W.2d 45, 48 (Tex. App.BHouston [14th
Dist.] 1983, no pet.).  We conclude
that  appellant=s statements were
not made as a result of custodial interrogation. Thus, Miranda warnings
were not required and the statements were not subject to article 38.22=s admissibility
requirements.

As for appellant=s other arguments
that these statements were improperly admitted evidence of prior convictions
used for jurisdictional purposes and that they lacked relevance, we conclude
that appellant has waived these complaints. Although appellant made the former
objection during her motion in limine at the beginning of trial, she did not request
a running objection to this evidence in connection with her motion in limine,
nor did she re-urge this objection when this evidence was offered at
trial.  The only objection appellant made
at trial was during  Lindsay=s testimony:  

Q:[Prosecutor]: Did ya=all let her do that?

A: [Lindsay]: Yes, ma=am. 
I had the defendant leave her purse inside of our office with her
cousin, a witness; and I escorted the defendant out to her car myself where we
went up to her car, got her son.  On the
way there the defendant then started questioning me on, do we have to prosecute
her, which is Wal-Mart=s policy.  Anyone that comes in and deprives or steals
their property are asked to be prosecuted. 
I explain to the defendant this is their policy.  I have to ask for prosecution. 

Q: [Prosecutor]: Did she make any
other statements to you at this time?

Defense Counsel: Your Honor, any
statement that would be made at this point in the trial would not only be
hearsay, but it would be at the time when this gentleman had her in a custodial
manner and she was not free to go.  She
was not advised of any Miranda rights. I would ask that he not be able at this
point for those reasons to elicit what was said. 

The Court: It will be overruled. 

Q: [Prosecutor]: Did she make any
other comments to you at the time you were going to get her child out of the
car?








A: [Lindsay]: Yes. The defendant
made the statement that she was on parole at the time, and that was the reason
that she was out on parole at the time, and that was the reason that she was
more or less willing-- or her cousin was willing, who had no record, to my
knowledge, would basically say, prosecute my cousin and let me go... 

 

(emphasis added).  Although the record reflects that appellant
objected to the alleged use of prior convictions in her motion in limine, the
record also reflects that she failed to register a timely and specific
objection on these grounds during introduction of this evidence.  A motion in limine, even if granted, does not
preserve error.  See Willis v. State,
785 S.W.2d 378, 384 (Tex. Crim. App. 
1989); Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App.
1988).   Appellant did not preserve any
alleged error referring to the prior convictions or admitting irrelevant
evidence.  See Armstrong v. State, 718
S.W.2d 686, 699 (Tex. Crim.  App. 1985);  Ford v. State, 112 S.W.3d 788, 791 (Tex.
App.BHouston [14 Dist.]
2003, no pet.) (holding that appellant preserved error by requesting a running
objection to the introduction of evidence of his prior convictions in
connection with his motion in limine). 
Therefore, we overrule appellant=s first issue. 

B.      Did the trial court err in allowing the
store=s lossBprevention officers to testify that
they believed appellant intended to deprive the store of its property?  

 

In her second and
third issues, appellant contends that the trial court erred in allowing  Wal-Mart employees Lindsay and Okwuonu to
give their Aopinions@ as to whether
appellant intended to deprive Wal-Mart of its property.  More specifically, appellant argues that this
testimony was speculative and beyond the scope of any expertise that either
witness possessed.  Appellant further
argues that this testimony concerned appellant=s mental state
which was allegedly improper and not helpful to the jury.  We conclude that Lindsay=s and Okwuonu=s opinions on this
issue were rationally based on their perceptions and proper lay opinion
testimony under Texas Rule of Evidence 701. 













When conducting a
Rule 701 evaluation, the trial court must decide whether (1) the opinion is
rationally based on perceptions of the witness and (2) it is helpful to a clear
understanding of the witness=s testimony or to
the determination of a fact in issue. Tex.
R. Evid. 701.   The initial
requirement that an opinion be rationally based on the perceptions of the
witness is itself composed of two parts. First, the witness must establish
personal knowledge of the events from which his opinion is drawn and, second,
the opinion drawn must be rationally based on that knowledge.  Fairow v. State, 943 S.W.2d 895, 898
(Tex. Crim. App.  1997).  The perception requirement of Rule 701
requires the proponent of lay‑opinion testimony to establish that the
witness has personal knowledge of the events upon which his opinion is
based.  Id.   Personal knowledge often comes directly
from the witness=s senses. 
See, e.g., Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim.
App.1984) (stating that police officer may give non‑expert opinion
regarding physical facts he has observed ); Doyle v. State, 875 S.W.2d
21, 23 (Tex. App.BTyler 1994, no pet.)(holding that prison
guard allowed to give opinion testimony under Rule 701 based on Awhat he saw@); State v.
Welton, 774 S.W.2d 341, 343 (Tex. App.BAustin, pet. ref=d)(stating that
police officer permitted to give non‑expert opinion regarding
intoxication based in part on smelling the odor of alcohol).  Personal knowledge also may come from
experience.  See  Austin v. State, 794 S.W.2d 408, 410‑11
(Tex. App.BAustin 1990, pet. ref=d) (holding that
police officer permitted to testify that, based on his personal experience, it
was his opinion that ASwedish deep muscle rub@ was a code for
prostitution); Williams v. State, 826 S.W.2d 783, 785 (Tex. App.BHouston [14th]
1992, pet. ref'd) (using past experience, a police officer was permitted to
testify, as either a lay‑witness or an expert, that he interpreted the
defendant=s actions to be a drug transaction).  Although a witness cannot possess personal
knowledge of another=s mental state, he may possess personal
knowledge of facts from which an opinion regarding mental state may be
drawn.  Fairow, 943 S.W.2d at
899.  The jury is then free to give as
much or as little weight to the opinion as it sees fit. Id.  Thus, once the proponent of the opinion
establishes personal knowledge of the facts underlying the opinion, he has
satisfied the perception requirement of Rule 701. Id.  This is so even if the opinion concerns
culpable mental state. Id.  Once
the perception requirement is satisfied, the trial court must determine if the
opinion is rationally based on that perception. 
Id.  at 900.  An opinion is rationally based on perception
if it is an opinion that a reasonable person could draw under the
circumstances.  Id. 

As noted, the
second requirement for admissibility under Rule 701 is that the opinion be
helpful to the trier of fact either to understand the witness=s testimony or to
determine a fact in issue. Tex. R. Evid.
701. Although there is no bright line indicating when an opinion is helpful,
general evidentiary considerations of relevance and balancing invariably will
assist the trial judge in making this determination.  Fairow, 943 S.W.2d at 900.  For example, a trial court properly acting
within its discretion may determine that the confusing, misleading, or
cumulative nature of an opinion renders it not helpful to the trier of fact and
thus improper under Rule 701. 

Another important
factor in determining helpfulness is the ability or inability of the witness to
convey the events from which his opinion is drawn.  See Roberts v. State, 743 S.W.2d 708,
711 (Tex. App.BHouston [14th] 1987, pet. ref.) (holding
that an officer=s lay opinion about whether the police
were harassing the defendant was unnecessary and inadmissible when the jury had
the information before it and was able to draw its own inferences).  If the events are difficult or impossible to
describe, however, an opinion is likely to be helpful.  See Jackson v. State, 822 S.W.2d 18,
29 (Tex. Crim. App. 1990) (allowing a police officer to testify that a
defendant gave his confession voluntarily because it Awas no more than a
short rendition of the facts.@).

Whether an opinion
meets the fundamental requirements of Rule 701 is within the sound discretion
of the trial court and its decision regarding admissibility should be
overturned only if it abuses its discretion.  Joiner v. State, 825 S.W.2d 701, 708 (Tex.
Crim. App. 1992).  Further, if there is
evidence in the record supporting the trial court=s decision to
admit or exclude an opinion under Rule 701, there is no abuse of discretion. See
Carroll v. State, 916 S.W.2d 494, 503 (Tex. Crim. App. 1996).








In this case, both
Lindsay and Okwuonu, working as lossBprevention
officers for Wal-Mart, witnessed appellant=s actions in the
store before, during, and after she exchanged Wal-Mart=s property for a
gift card.  On the day of the incident,
Lindsay and Okwuono observed appellant walking around the store loading random
items of merchandise into her shopping cart. 
They both testified how they observed appellant  take the shopping cart to the customer
service line and engage in a fraudulent return of merchandise.  Both Lindsay=s and Okwuonu=s opinions were
based on events they personally witnessed. 
See Fairow, 943 S.W.2d  at
898‑99.  The trial court did not
abuse its discretion in concluding that their opinions were rationally based on
their personal observations.  See id.
at 900.  

Moreover, the
opinions given by Lindsay and Okwuonu go to a disputed fact issueBwhether appellant
had the intent to deprive Wal-Mart of its property.  In addition, the record clearly indicates a
conflict in the testimony between these loss prevention officers and appellant=s cousin, Ella
Rushing.   Thus, the opinion testimony of
the loss prevention officers satisfies the requirement of Rule 701(b) that the
opinions be Ahelpful to ... the determination of a fact
in issue.@ See Tex. R. Evid. 701(b); Webster v. State, 26 S.W.3d 717
(Tex. App.BWaco 2000, pet. ref=d.) (holding that
opinion testimony helpful because it went to a disputed fact issueB whether the
defendant was intoxicated as alleged in the indictment).  We conclude that the trial court did not
abuse its discretion in admitting the opinions of the  lossBprevention
officers regarding whether appellant intended to deprive Wal-Mart of its
property.[2]  See Chatham v. State, 2004 WL 2058396,
*5 (Tex. App.CHouston [14 Dist.] 2004, no pet.) (holding
opinion by witness that the collision was intentional and not accidental was
rationally based on his perception) (not designated for publication). 








Finally, even if
the trial court=s admission of this evidence were
erroneous, the error would be harmless. 
The jury heard all the facts upon which Lindsay=s and Okwuono=s opinions were
based, and neither witness was presented as an expert on such matters.
Therefore, the opinions added little, if any, weight to their testimony, and no
harm resulted.  See Solomon v. State, 49
S.W.3d 356, 365 (Tex. Crim. App. 2001). 
Accordingly, we overrule appellant=s second and third
issues. 

Having overruled
all of appellant=s issues, we affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed April 13,
2006.

Panel consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Okwuonu
testified that appellant passed the shopping cart to the other woman (later
identified as appellant=s cousin), who already was standing in line and then
appellant walked over to the McDonald=s
counter alone. He further stated that appellant did not stand in the customer
service line with the other woman. Okwuonu believed the other woman, not
appellant, had the gift card in her possession at the time he and Lindsay
approached them. Appellant puts a significant amount of emphasis on the
conflicting statements given by Okwuonu and Lindsay.  However, the jury, as the trier of fact, Ais the sole judge of the
credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury was
free to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  





[2]  Appellant also
contends that Okwuonu=s testimony was inadmissible under Texas Rule of
Evidence 702.  However, appellant
concedes in her appellate brief that the record contains no evidence supporting
Okwuonu=s expertise, skill, training, education, or
specialized knowledge.  Okwuonu was not
an expert, nor did he testify as an expert. Thus, Rule 702 was inapplicable to
Okwuonu=s testimony and his opinion was properly admitted
under Rule 701 as lay opinion testimony. See 
Tex. R. Evid. 701;
702.