**Robert Bulloch POPE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00590–CR.**

Court of Appeals of Texas,
Dallas.

May 21, 1982.

Rehearing Denied July 6, 1982.

Charles G. Clay, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, CARVER and SPARLING, JJ.

AKIN, Justice.

Defendant appeals from his conviction for unlawful possession of a controlled substance. Punishment was assessed at four years and probated. In his sole ground of error defendant contends that the trial court erred in admitting evidence which was the product of an illegal search and seizure. We agree and accordingly reverse.

On July 8, 1980, Dallas Police Officers John Gaulding and Daniel Carpenter, along with several other officers, met near a house located at 8625 Greenville Avenue in order to execute an arrest warrant charging Joe Robert Williams with attempted mur-

der. The house was apparently occupied by defendant, Williams, and a third person. Although Williams allegedly had an accomplice, the officers had only the warrant for Williams.[1] The officers encircled the house while Officer Carpenter knocked on the front door. In response, Williams went to the front door and was placed under arrest by Officer Carpenter. The evidence is conflicting as to where Williams was arrested because Officer Gaulding testified that Williams was arrested inside the house at the front door, while Officer Carpenter testified that he requested Williams to step outside, at which time he was placed under arrest.

After defendant had been arrested, Officer Gaulding entered the house in order to "secure" it for the officers' safety. Officer Gaulding testified that because of the nature of the crime for which Williams and his accomplice were wanted, and because as he approached the house he saw several people, as well as Doberman Pinschers, moving around inside the house, he believed the persons inside the house to be armed and extremely dangerous. He also testified that his sole purpose in entering the house was to find Williams and his accomplice, although he knew Williams by reputation only and was not positive whether he could identify him.

While "securing" the premises, Officer Gaulding entered defendant's bedroom and observed what he believed to be controlled substances in plain view. The officers then left the house, but returned three hours later with the search warrant of which defendant complains. The search warrant was issued pursuant to an affidavit sworn out by Officer Gaulding, which, in pertinent part, stated:

> Affiant received information from a confidential informant that the persons living at 8625 Greenville Avenue were dealing drugs and were in possession of QUAALUDE and MARIJUANA.
>
> . . . .

Affiant and other officers of the Dallas Police Department went to the above address and executed an arrest warrant. They entered the above house and arrested Joe Bob Williams. While searching the above house for other persons named in the assault, the affiant saw a number of MARIJUANA cigarettes in the bedroom and a number of large bottles thought to contain Controlled Substances in other rooms of the house.

▆ Defendant argues that the search warrant was invalid because the affidavit supporting the warrant was based on illegally obtained information. The State argues that under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), in executing the arrest warrant at the home of Williams, the officers were entitled to search the entire house for Williams and thus the information obtained pursuant to that search was legally obtained. We do not agree with the State's position. Although *Payton* does allow officers to search the arrestee's home for the arrestee, once the arrestee had been arrested, the justification for the search of the house for the arrestee has ended. In this case once Williams was arrested at the front door, there was no reason to search the entire house for him. Thus, the search of defendant's bedroom cannot be justified as a lawful search incident to the execution of an arrest warrant. *See also Steagald v. U. S.*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981). In this respect, a search may be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the *immediate* vicinity of the arrest. *Vale v. Louisiana*, 399 U.S. 30, 33, 90 S.Ct. 1969, 1971, 26 L.Ed.2d 409 (1970).

▆ The State also argues that exigent circumstances existed which allowed the officers to search the house for their own safety. The State contends that because the officers testified that they believed the persons inside the house to be armed and dangerous and because of the movements

---

1. At the time of Williams arrest, his accomplice was already in the custody of Dallas Police.

inside the house, the officers were justified in securing the house for their safety. Warrantless searches are *per se* unreasonable and are subject only to a few specifically established and well-delineated situations. *Katz v. U. S.*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). The burden rests on the State to show the existence of such an exceptional situation. *Vale v. Louisiana*, 399 U.S. 30, 34, 90 S.Ct. 1969, 1971, 26 L.Ed.2d 409 (1970). Officers may search beyond the immediate area of the arrest if the circumstances of the arrest are such that an arresting officer would be justified in believing that an expanded search would be necessary for his protection. *Simpson v. State*, 486 S.W.2d 807, 810 (Tex.Cr.App.1972). The facts in this case fail to establish that an expanded search was necessary for the officers' protection. When Officer Carpenter went to the front door, Williams appeared, offered no resistance, and co-operated fully with the police. There was no evidence that the officers had any reason to believe Williams' accomplice was inside the house, or that anyone inside was armed or dangerous. Although when an officer approaches a house to execute an arrest warrant for a felony offense there is the possibility of danger, that possibility of danger, without more, does not justify a general search of the premises. Warrantless searches are permissible only when the officer has specific articulable facts, which when taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968). Since the State failed to show any articulable facts, the warrantless intrusion was impermissible.

■ Information unlawfully obtained may not be set forth in an affidavit to establish probable cause for a subsequent warrant. *See Mapp v. Ohio*, 367 U.S. 643, 654, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961); *Elkins v. U.S.*, 364 U.S. 206, 223, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960); *U.S. v. Hunt*, 496 F.2d 888, 894 (5th Cir. 1974). In his affidavit supporting the search warrant, Officer Gaulding stated he observed marijuana cigarettes and containers con-

taining controlled substances while searching the house for Joe Bob Williams. Since the search of defendant's bedroom for Williams was unlawful, this information could not be used to support the search warrant.

■ Officer Gaulding's averments in his affidavit that he received information from a confidential informant that the persons inside the house were dealing drugs and in possession of controlled substances likewise was insufficient to support the warrant. The statement failed to disclose both the underlying circumstances necessary to enable the magistrate to independently judge the validity of the informant's conclusion and to make some showing of reliability of the informant. *U.S. v. Jeffers*, 621 F.2d 221, 226 (5th Cir. 1980). *See Spinelli v. U.S.*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ Since the affidavit thus failed to establish probable cause for the issuance of a search warrant, the search of defendant's bedroom was illegal. Evidence obtained pursuant to an illegal search is inadmissible. *Wong Sun v. U.S.*, 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963). The trial court thus erred in admitting the evidence. Consequently, the judgment is reversed and this cause remanded.