TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00184-CV


NO. 03-98-00258-CV






Garry W. Entress, Appellant



v.



Dr. Robert H. Brinkley, Appellee


AND


Gary W. Entress, Appellant


v.


Diana Langley-Buccy, Individually, and d/b/a Diana Buccy Designs, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NOS. 96-10543A & 96-10543, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Garry W. Entress appeals from take-nothing judgments in his suit against Dr.
Robert Brinkley for conspiracy and intentional infliction of emotional distress and in his suit
against Diana Langley-Buccy for conspiracy, intentional infliction of emotional distress and fraud. 
We will affirm the trial court judgments. (1)

Background



 This case is a suit by an ex-boyfriend against an ex-girlfriend and her new
boyfriend. The facts of the case are complex. We have tried to extract only those facts necessary
to decide this appeal. The relationship between Entress and Buccy began in 1985. It ended in
1989, but continued as an "off and on" friendship over the next seven years. When Buccy
encountered financial problems, Entress starting "giving" (2) Buccy money. In early 1996, Entress
learned that Buccy had begun dating Brinkley. In March 1996, after several weeks of leaving
hundreds of messages on Buccy's answering machine, Entress left certain messages on Buccy's
answering machine that Buccy and Brinkley considered threats to Buccy's safety. Buccy called
the police and filed a report. This report ultimately formed the foundation for Entress's
allegations against Buccy and Brinkley. Both Buccy and Entress provided voluminous amounts
of information to the police during their investigation. Although the initial investigating officer
raised doubts about the complaint, he was removed from the investigation for using improper
procedures and his supervisor concluded that Entress's behavior met the definition of harassment. 
Buccy met with the county attorney in July 1996; Entress filed this suit in September 1996. (3)

 Entress sued Buccy for conspiracy, intentional infliction of emotional distress and
fraud. He sued Brinkley for conspiracy and intentional infliction of emotional distress. Buccy 
and Brinkley filed no-evidence motions for summary judgment. The trial court granted summary
judgments to Brinkley and Buccy on Entress's conspiracy and intentional infliction of emotional
distress claims. The fraud claim against Buccy was tried to a jury with a verdict for Buccy. In
this consolidated appeal, Entress brings two points of error: (1) the trial court erred in granting
Brinkley and Buccy summary judgment because there was more than a scintilla of credible
evidence to raise a genuine issue of material fact that Buccy and Brinkley had conspired; (2) the
district court's refusal to grant Entress a continuance prejudiced his case. 


The No-Evidence Summary Judgments



 Brinkley and Buccy moved for summary judgment on the ground that there was no
evidence to support Entress's claim for civil conspiracy. Tex. R. Civ. P. 166a(i). We review a
no-evidence summary judgment using the same legal sufficiency standard that we do in reviewing
a directed verdict. See Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio
1998, pet. denied). We review the evidence in the light most favorable to the respondent against
whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and
inferences. See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
Under a no-evidence motion for summary judgment, the non-movant must bring forth more than
a scintilla of probative evidence to raise a genuine issue of material fact. See Moore, 981 S.W.2d
at 267-68. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more
than create a mere surmise or suspicion" of a fact. See Kindred v. Conn/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).

Elements of a Conspiracy


 Entress alleged that Brinkley and Buccy conspired to file a false police report and
initiate a criminal investigation in order for Buccy to avoid repaying Entress. The essential
elements of civil conspiracy are: (1) two or more persons; (2) with an object to be accomplished;
(3) through a meeting of the minds to the object or course of action; (4) consisting of one or more
unlawful acts; and (5) from which damages are the proximate result. See Massey v. Armco Steel
Co., 652 S.W.2d 932, 934 (Tex. 1983). Merely proving a joint intent to engage in the conduct
that resulted in the injury is not sufficient to establish a cause of action for civil conspiracy. See
Triplex Communication, Inc. v. Riley, 900 S.W.2d 716, 719 (Tex. 1995). Civil conspiracy
requires specific intent to agree to accomplish an unlawful purpose by unlawful means and the
parties must be aware of the harm or the wrongful conduct at the beginning of the agreement. Id. 
It must be clear that each person in the conspiracy acted in specific concert with the other,
essentially deciding to act without making an individual choice. See Juhl v. Airington, 936
S.W.2d 640, 645 (Tex. 1996). Further, one "cannot agree, either expressly or tacitly, to the
commission of a wrong which he knows not of." See Schlumberger Well Surveying Corp. v.
Nortex Oil & Gas Corp., 435 S.W.2d 854, 857 (Tex. 1968).

 In response to the no-evidence motion for summary judgment, Entress was required
to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. 
See Moore, 981 S.W.2d at 267-68. Less than a scintilla of evidence exists when the evidence is
"so weak as to do no more than create a mere surmise or suspicion" of a fact. See Kindred, 650
S.W.2d at 63. A material fact may not be established by piling inference upon inference. See
Schlumberger, 435 S.W.2d at 858. Although a conspiracy may be proven by circumstantial
evidence, disconnected circumstances that are just as consistent with a lawful purpose as an
unlawful one are insufficient as a matter of law to establish conspiracy. See Hicks v. Wright, 564
S.W.2d 785, 793 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.); First Interstate Bank v. S.B.F.I.
Inc., 830 S.W.2d 239, 250-51 (Tex. App.--Dallas 1997, no writ). "Meager circumstantial
evidence from which equally plausible but opposite inferences may be drawn is speculative and
thus legally insufficient to support a finding." See Wal-Mart Stores, Inc. v. Gonzales, 968 S.W.2d
934, 936 (Tex. 1998).


The Evidence


 Entress alleged that the conspiracy between Brinkley and Buccy began when Buccy
made her police report. He alleged that Brinkley encouraged Buccy to file the report while
knowing it was false. He alleged that Brinkley and Buccy supplied false statements to the police
about him and about his and Buccy's former relationship. Although this was a no-evidence
summary judgment motion, in which movants were not obligated to negate the elements of
Entress's causes of action, nevertheless, Brinkley brought to the court's attention relevant portions
of Entress's deposition. In answer to the question: "So when you say that defendants knowingly,
willfully, and intentionally with malice and with a total disregard for the truth made the false
report in order to cause the Plaintiff egregious harm, you have no facts to back up that allegation
[against Brinkley] either, is that correct?" Answer: "Correct." In answer to the question: 
"Okay. You have no facts. So at this point so far as you know from all the facts you know, Dr.
Brinkley knew nothing that Ms. Buccy was doing anything that was wrong or false; is that correct,
sir?" The answer was "Correct." Entress further admitted that he lacked evidence that Brinkley
said anything false about Entress to the police. Entress acknowledged to Buccy that his behavior
had been abysmal and that he deserved it if she filed harassment charges against him.

 Further, Buccy and Brinkley's involvement in filing the police report is consistent
with the lawful purpose of reporting threatening and harassing conduct to the authorities. Entress
argues that the report was filed for the unlawful purpose of "get[ting] out of repaying a debt
[Buccy] owed him." However, filing this criminal report, even if false, would not have prevented
Entress from taking action through proper legal channels to collect any debt owed him. Finally,
the evidence does not show that the police department or county attorney ever concluded the report
was false; one investigator, removed from the case, had questions whether Buccy had fully
disclosed all the details of her past relationship with Entress.

 In essence, Entress's evidence of a conspiracy amounts to: Buccy and Brinkley
were dating; Buccy filed a police report; Brinkley encouraged her to do so. However, to arrive
at a conclusion of a conspiracy to file a false report would require piling inference on inference.

 We conclude that Entress failed to furnish more than a scintilla of probative
evidence to create a material fact issue and overrule point one. (4)

Motion for Continuance



 In his second point of error, Entress contends that the trial court abused its
discretion in denying his motion for continuance. On February 2, 1998, Entress served Brinkley
with a trial subpoena to appear as a material fact witness on March 23, 1998, in the underlying
cause. On February 11, 1998, Brinkley filed a motion to be discharged from the subpoena. On
March 17, 1998, after a telephone hearing, the court granted Brinkley's motion. On March 19,
1998, Entress filed a motion for continuance based on his inability to call Brinkley. The court
denied the continuance.

 The denial of a continuance can be set aside only upon a showing of an abuse of
discretion. See General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997); Garcia v.
Texas Employers Ins. Assoc., 622 S.W.2d 626, 630 (Tex. App.--Amarillo 1981, writ ref'd
n.r.e.). The test is whether the decision was arbitrary or unreasonable. See Meyerland Co. v.
Palais Royal, Inc., 557 S.W.2d 534, 538 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ). 
There is no prejudice in denying a continuance based on the absence of a party whose testimony
was available by deposition. See Jones v. John's Community Hosp., 624 S.W.2d 330, 333 (Tex.
App.--Waco 1981, no writ).

 Brinkley was discharged based on already having given his deposition and needing
to be out of state during the trial setting. Entress wanted him as a witness in his fraud claim, the
only cause that went to trial. Entress's fraud claim was based on money he had paid to Buccy
from 1993 to 1996. Brinkley had no personal knowledge of any facts concerning the nature of that
transaction, as he did not meet Buccy until two months before the March 1996 police report. As
far as any matters concerning the police report, to the extent they might have been relevant to the
fraud claim, Entress's counsel thoroughly questioned him during his videotaped deposition, made
with Entress's knowledge that Brinkley would be unavailable at trial.

 We conclude that Entress has not demonstrated an abuse of discretion in the trial
court's denial of his motion for continuance and overrule his point of error.

 Having overruled both points of error, we affirm the trial court judgments.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 29, 1999

Do Not Publish

1. Entress first sued Buccy and Brinkley in one cause. After an interlocutory summary
judgment in Brinkley's favor on all of Entress's causes against Brinkley, Entress obtained a
severance, made that summary judgment final, and perfected appeal against Brinkley. After the
fraud portion of the trial against Buccy concluded, Entress perfected appeal against her, then
moved to consolidate the appeals. This Court granted that motion.
2. Whether the money was a gift or loan was disputed; however, the characterization does not
affect this appeal.
3. We have not been referred to any portion of the record that shows the final disposition of
the complaint.
4. There is an alternative ground for affirming the summary judgment, although one not raised
by the parties. The summary judgment in Brinkley's favor was a general summary judgment and
Entress attacked only one ground on appeal. If an appellant in a summary judgment does not
specifically challenge every possible basis stated in the motion for summary judgment, the
summary judgment must be affirmed if there is an unchallenged ground upon which the trial court
could have based the summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1978); Reese v. Beaumont Bank, N. A., 709 S.W.2d 801, 804 (Tex. App.--Beaumont
1990, no writ). Similarly, the summary judgment against Buccy spelled out that it was granted
on (1) conspiracy and (2) intentional infliction of emotional distress. Again, Entress attacks only
the conspiracy ground. See Malooly, 461 S.W.2d at 121; Reese, 709 S.W.2d at 804.


racy amounts to: Buccy and Brinkley
were dating; Buccy filed a police report; Brinkley encouraged her to do so. However, to arrive
at a conclusion of a conspiracy to file a false report would require piling inference on inference.

 We conclude that Entress failed to furnish more than a scintilla of probative
evidence to create a material fact issue and overrule point one. (4)

Motion for Continuance



 In his second point of error, Entress contends that the trial court abused its
discretion in denying his motion for continuance. On February 2, 1998, Entress served Brinkley
with a trial subpoena to appear as a material fact witness on March 23, 1998, in the underlying
cause. On February 11, 1998, Brinkley filed a motion to be discharged from the subpoena. On
March 17, 1998, after a telephone hearing, the court granted Brinkley's motion. On March 19,
1998, Entress filed a motion for continuance based on his inability to call Brinkley. The court
denied the continuance.

 The denial of a continuance can be set aside only upon a showing of an abuse of
discretion. See General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997); Garcia v.
Texas Employers Ins. Assoc., 622 S.W.2d 626, 630 (Tex. App.--Amarillo 1981, writ ref'd
n.r.e.). The test is whether the decision was arbitrary or unreasonable. See Meyerland Co. v.
Palais Royal, Inc., 557 S.W.2d 534, 538 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ). 
There is no prejudice in denying a continuance based on the absence of a party whose testimony
was available by deposition. See Jones v. John's Community Hosp., 624 S.W.2d 330, 333 (Tex.
App.--Waco 1981, no writ).

 Brinkley was discharged based on already having given his deposition and needing
to be out of state during the trial setting. Entress wanted him as a witness in his fraud claim, the
only cause that went to trial. Entress's fraud claim was based on money he had paid to Buccy
from 1993 to 1996. Brinkley had no personal knowledge of any facts concerning the nature of that
transaction, as he did not meet Buccy until two months before the March 1996 police report. As
far as any matters concerning the police report, to the extent they might have been relevant to the
fraud claim, Entress's counsel thoroughly questioned him during his videotaped deposition, made
with Entress's knowledge that Brinkley would be unavailable at trial.

 We conclude that Entress has not demonstrated an abuse of discretion in the trial
court's denial of his motion for continuance and overrule his point of error.

 Having overruled both points of error, we affirm the trial court judgments.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 29, 1999

Do Not Publish

1. Entress first sued Buccy and Brinkley in one cause. After an interlocutory summary
judgment in Brinkley's favor on all of Entress's causes against Brinkley, Entress obtained a
severance, made that summary judgment final, and perfected appeal against Brinkley. After the
fraud portion of the trial against Buccy concluded, Entress perfected appeal against her, then
moved to consolidate the appeals. This Court granted that motion.
2. Whether the money was a gift or loan was disputed; however, the characterization does not
affect this appeal.
3. We have not been referred to any portion of the record that shows the final disposition of
the complaint.
4. There is an alternative ground for affirming the summary judgment, although one not raised
by the parties. The summary judgment in