In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00443-CR
____________

BILL WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 916116 



 
MEMORANDUM OPINION
          A jury found appellant, Bill Williams, guilty of aggravated assault. The jury
further found the allegations contained in an enhancement paragraph, alleging a prior
conviction for burglary of a building, to be true and assessed punishment at 15 years’
confinement in prison. In six points of error, appellant argues that (1) the evidence
was legally and factually insufficient to prove intent because the complainant’s
testimony (a) was not credible and (b) was insufficiently corroborated and (2)
appellant’s counsel was ineffective, under the federal and state constitutions, because
counsel failed to object to the admission of (a) an extraneous offense and (b) evidence
seized from appellant’s backpack. We affirm.
Background
          In the early afternoon of June 25, 2002, while it was raining, Alexandrea
Hampton, the complainant, stood outside a restaurant in a spot where she could stay
dry. The complainant overheard appellant making derogatory racial comments. The
complainant turned toward appellant and asked him to stop making those comments
because she found them to be offensive. Appellant, standing less than a foot away,
lifted up his shirt, pulled a pistol out of his pants, and pointed it at the complainant’s
head. When appellant pulled the pistol on the complainant, he said, “Now, bitch, will
you shut up?” The complainant was shocked and scared and felt threatened. Afraid
that she would be harmed by the pistol, the complainant turned around slowly, walked
back inside the restaurant, told persons what had just happened, and dialed 9-1-1 on
her cell phone. 
 
          In the meantime, Gerald Montreal, an off-duty deputy constable, was stopped
at a red light at the intersection of Bissonnet and Wilcrest. Deputy Montreal noticed
appellant pull out a gun and point it at the complainant. Deputy Montreal
immediately called the Houston Police Department (HPD). Because Deputy Montreal
was not in uniform and did not have his revolver with him, he stayed back and
observed appellant as he walked through a field with his blond companion. Deputy
Montreal remained on the phone with the police, telling them in which direction
appellant was headed. Deputy Montreal observed appellant as appellant fired three
rounds from a revolver at cars passing on Bissonnet. Deputy Montreal further
observed appellant and his companion enter a bowling alley. Deputy Montreal waited
in the bowling alley parking lot for police to arrive.
          Meanwhile, Larry Sherwood, a patrol officer with HPD, received a call, around
1:00 p.m., that there was a firearm discharged or a shooting in progress near
Bissonnet and Wilcrest. Because Officer Sherwood was nearby, he was able to pull
into the bowling alley immediately upon hearing that appellant was there. 
          Officer Sherwood and another officer entered the bowling alley, saw appellant,
who matched the suspect’s description, approached him, and handcuffed him. 
Appellant was patted down, and Officer Sherwood found a single bullet in appellant’s
front pocket. Officer Sherwood and the other officer escorted appellant outside,
where Deputy Montreal identified appellant as the man he had seen pull the gun on
the complainant.
          Officer Sherwood then went back inside the bowling alley to look for
appellant’s companion, whom he found and escorted outside. Upon bringing
appellant’s companion outside, Officer Sherwood learned that appellant had a
backpack with him. Officer Sherwood went inside to retrieve the backpack, which
he located between two arcade machines, next to one beside which appellant had been
standing. Once Officer Sherwood stepped outside with the backpack, he opened it
and found a “snub-nosed type” blue steel revolver. 
          The complainant, who was brought to the bowling alley by two other officers,
then identified appellant as the individual who had pointed the gun at her. The
complainant also identified the revolver as the one that was pointed at her.
Legal Sufficiency of the Evidence
          In his first and third points of error, appellant contends that the evidence was
legally insufficient to support his conviction. When reviewing the legal sufficiency
of evidence, we view the evidence in the light most favorable to the verdict and ask
whether a rational trier of fact could find the essential elements of the crime beyond
a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000);
Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.––Houston [1st Dist.] 2001, pet.
ref’d). The fact finder may reasonably infer facts from the evidence before it, credit
the witnesses if it cares to, disbelieve any or all of the testimony proffered, and weigh
the evidence in the manner that it chooses. Bruno v. State, 922 S.W.2d 292, 293
(Tex. App.––Amarillo 1996, no pet.).
          In his first point of error, appellant contends that the State failed to show that 
he had the intent to threaten the complainant with imminent bodily injury. A person
commits the offense of aggravated assault if he intentionally or knowingly threatens
another with imminent bodily injury and uses or exhibits a deadly weapon while
doing so. TEX. PEN. CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2003). The
“gist” of the offense of assault, as set out in section 22.01(a)(2), is that one acts with
the intent to cause reasonable apprehension of imminent bodily injury; it is not
necessary to show that the defendant actually intended to cause harm. Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The mere presence of a deadly
weapon, under proper circumstances, can be enough to instill fear and to threaten a
person with bodily injury. See De Leon v. State, 865 S.W.2d 139, 142 (Tex.
App.—Corpus Christi 1993, no pet.); Gaston v. State, 672 S.W.2d 819, 821 (Tex.
App—Dallas 1983, no pet.). The accused’s intent may be inferred from his acts,
words, and conduct. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).
          Appellant argues that the record does not support a finding that he intended to
threaten the complainant. The complainant testified that, when she told appellant that
his comments about black people were offensive, he lifted up his shirt, pulled a pistol
out of his pants, and pointed it at her head. The complainant also stated that, when
appellant pulled the pistol on her, he said, “ Now, bitch, will you shut up?” Aiming
a deadly weapon at another person is sufficient evidence of a threat to sustain an
aggravated assault conviction. Ward v. State, 113 S.W.3d 518, 521 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d); Anderson v. State, 11 S.W.3d 369, 375-76 (Tex. App. —Houston [1st Dist.] 2000, pet. ref’d); Rodriguez v. State, 955 S.W.2d
171, 174 (Tex. App.—Amarillo 1997, no pet.). Viewing the evidence in the light
most favorable to the verdict, any rational juror could have concluded that appellant
pointed a firearm at the complainant; thus, the evidence was legally sufficient to
establish the threat necessary for aggravated assault. Accordingly, we overrule
appellant’s first point of error. 
          In his third point of error, appellant suggests that the evidence is legally
insufficient because the State’s evidence was not credible. Appellant contends that
the complainant was not a credible person because she had been convicted of forgery
and prostitution. Appellant also claims that Deputy Montreal’s testimony did not
sufficiently corroborate the complainant’s testimony because Deputy Montreal was
three lanes away when he saw appellant point the gun at the complainant. The jury,
not the appellate court, determines the credibility of the evidence. See Williams v.
State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). The jury was presented with the
complainant’s background and was entitled to believe her testimony that appellant
pointed a gun at her, as well as Deputy Montreal’s testimony that he saw appellant
point a gun at the complainant. Accordingly, we overrule appellant’s third point of
error.                                         Factual Sufficiency of the Evidence 
          In his second and fourth points of error, appellant contends that the evidence is
factually insufficient to support his conviction for aggravated assault. In reviewing
the evidence on factual sufficiency grounds, all of the evidence as a whole must be
reviewed neutrally, not in the light most favorable to the prosecution. Johnson v.State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of Criminal Appeals has recently
clarified the standard:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? However,
there are two ways in which the evidence may be insufficient. First,
when considered by itself, evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Second,
there may be both evidence supporting the verdict and evidence contrary
to the verdict. Weighing all evidence under this balancing scale, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty verdict
should not stand. This standard acknowledges that evidence of guilt can
“preponderate” in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. 
 
Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004). In a factual
sufficiency review, the appellate court should not substitute its own judgment for that
of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.Crim. App. 1996). 
           Under both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.]
2003, no pet.). The jury may believe all, some, or none of any witness’s testimony. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) 
          The complainant’s testimony at trial that appellant pointed a gun at her was
uncontroverted. Although appellant argues that no other witness saw the offense,
Deputy Montreal’s testimony that he saw appellant point a gun at the complainant and
that his view was unobstructed was also uncontroverted. Even though appellant
presented no witnesses, he tried to impeach the State’s witnesses by showing either
prior convictions or poor vantage point. The complainant and Deputy Montreal both
identified appellant as the person who pulled the gun on the complainant.      After
viewing all of the evidence in a neutral light, we hold that the evidence is factually
sufficient to support appellant’s conviction. Accordingly, we overrule appellant’s
second and fourth points of error. 
Ineffective Assistance of Counsel
          In his fifth and sixth points of error, appellant argues that he received ineffective
assistance of counsel at trial, in violation of the Sixth Amendment of the United States
Constitution and in violation of Article I, Section 10 of the Texas constitution. See
U.S. Const. amend. VI; Tex. Const. art. I, § 10. Appellant claims that trial counsel
failed to object to what appellant characterizes as an inadmissible extraneous offense
and failed to object to what he believed was an illegal search of his backpack and
seizure of the revolver. 
           The standard of review for evaluating claims of ineffective assistance of counsel
is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052,
2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Appellant must show both that (1) counsel’s performance was so deficient that he was
not functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different, i.e., that the error is sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. 
Effective assistance of counsel does not mean errorless counsel. See Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We normally will
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However, “in
the rare case where the record on direct appeal is sufficient to prove that counsel’s
performance was deficient, an appellate court should obviously address the claim . . . .” 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
          Appellant points to two instances in the record in which he believes that trial
counsel should have objected. First, appellant contends that trial counsel should have
objected when Deputy Montreal testified that, while he was following appellant in his
vehicle, appellant discharged his weapon at the vehicles passing by on Bissonnet. 
Second, appellant complains that trial counsel did not object to or file a motion to
suppress the warrantless search of his backpack and seizure of his revolver.
A.      Discharging the Weapon
          In order to meet the first prong of the Strickland test, appellant must not only
specifically identify the deficiencies in counsel’s performance, but must also identify
the specific objection that should have been made and provide authority in support of
his argument that the objection would have been meritorious. See Mallet v. State, 9 S.
W.3d 856, 867 (Tex. App.—Fort Worth 2000, no pet.); Simms v. State, 848 S.W.2d
754, 758 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
          Here, appellant has identified the alleged deficiencies, but has failed to supply
the specific objections that he expected trial counsel to make or to supply argument or
authority as to how these objections would have been meritorious. He, therefore, has
not shown that counsel was ineffective for failing to make objections. A reviewing
court will not substitute speculation for a properly developed record supported by legal
authority. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When
the record contains no evidence of the reasoning behind trial counsel’s action, the
reviewing court generally cannot conclude that counsel’s performance was deficient. 
Id.
          Furthermore, failure to object to admissible evidence does not constitute
ineffective assistance of counsel. See Gosch v. State, 829 S.W. 2d 775, 784 (Tex.
Crim. App. 1991). Deputy Montreal’s testimony that appellant discharged his firearm
at passing vehicles as he fled the scene was admissible both as evidence of appellant’s
intent and as same transaction contextual evidence.
          All relevant evidence is admissible unless excluded by law. TEX. R. EVID. 402. 
Relevant evidence is evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence. TEX. R. EVID. 401. Evidence of other crimes,
wrongs, or acts is not admissible to prove the character of a person and that he acted
in conformity therewith, but it may be admissible for other purposes such as proof of
motive, intent, opportunity, preparation, plan, knowledge, identity, or absence of
mistake or accident. TEX. R. EVID. 404 (b).
          The indictment in this case alleged that appellant threatened the complainant
with a firearm. Although appellant did not put on a case at trial, through cross-examination of the State’s witnesses, it became clear that appellant’s defense was that
he did not intend to threaten the complainant. Evidence of appellant’s discharging a
firearm at passing vehicles while leaving the scene of the assault showed that appellant
was in possession of the weapon that he pointed at the complainant just minutes before
and was willing to shoot it at others. Accordingly, such evidence was relevant. See
TEX. R. EVID. 404 (b). 
          Moreover, because intent was a contested issue in this case, the State was
entitled to present evidence to refute appellant’s defense. See Brown v. State, 866
S.W.2d 675, 682 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). Appellant’s
subsequent discharge of the firearm at passing motorists, after having pointed the gun
at the complainant, showed his intent to threaten and perhaps to cause harm to others. 
See Lum v. State, 903 S.W.2d 365, 371-72 (Tex. App.—Texarkana 1995, pet. ref’d)
(holding that, in a vehicular homicide case, appellant’s possession of firearms in his
truck and his intent to conceal them could be probative of his intent and state of mind).
          In addition to evidencing intent, appellant’s actions in discharging his firearm
at passing motorists was admissible as same transaction contextual evidence because
it had some relevance to show the context of the offense. Evidence of other crimes,
wrongs, or acts may also be admissible as “same transaction” contextual evidence. See
Camacho v. State, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993) Same transaction
contextual evidence is deemed admissible as an exception to the so-called propensity
rule when “several crimes are intermixed, or blended with one another, or connected
so that they form an indivisible criminal transaction, and full proof by testimony,
whether direct or circumstantial, of any of them cannot be given without showing the
others.” Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Such evidence
imparts to the fact finder information essential to understanding the context and
circumstances of events that, although legally separate offenses, are blended or
interwoven. See Camacho, 864 S.W.2d at 532. Juries have a right to hear what
occurred immediately prior to and subsequent to the commission of the charged act, so
that they may realistically evaluate the evidence. See Wesbrook v. State, 29 S.W. 3d
103, 115 (Tex. Crim. App. 2000) (holding that evidence of three additional killings in
the same evening were admissible without limiting instruction as same transaction
contextual evidence).
          Thus, trial counsel was not ineffective because the admission of evidence that
appellant discharged his firearm at passing motorists, after having pointed that weapon
at the complainant, was properly admitted.
B.      Seizure and Search of the Backpack
          Likewise, trial counsel’s failure to file a motion to suppress the search of the
backpack and the seizure of the revolver found inside was not ineffective assistance of
counsel because officers could have seized and searched the backpack incident to
appellant’s arrest. In order to establish ineffective assistance, an appellant is obliged
to prove that, had a motion to suppress been pursued, it would have been granted. See
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Appellant must,
therefore, develop facts and details of the search sufficient to conclude that the search
was invalid. Id.
          The State advances lack of standing and abandonment as theories to show the
validity of the search of appellant’s backpack. This Court asserts, however, that the
officers could have seized the backpack and searched it incident to arrest. Once the
police have lawfully arrested a person, they may conduct a warrantless search of the
person and of objects immediately associated with him. Jones v. State, 640 S.W.2d
918, 921 (Tex. Crim. App. 1982). A search may be incident to arrest only if it is
substantially contemporaneous with the arrest and is confined to the immediate vicinity
of the arrest. Pope v. State, 635 S.W.2d 815, 817 (Tex. App.—Dallas 1982, no pet.). 
Clearly, the backpack was an object immediately associated with appellant’s person,
as eyewitnesses, including Deputy Montreal, described appellant’s carrying it. As a
result, the officers’ search of the backpack constituted a lawful warrantless search
incident to a lawful arrest.Because appellant has failed to demonstrate in the record that his trial counsel
was ineffective under the first prong of the Strickland test, we overrule appellant’s fifth
point of error.
C.      Other Standards 
          Although, in his sixth point of error, appellant briefs his state constitutional law
claim separately, he makes no argument and provides no authority asserting that the
state constitution provides greater protection than the federal constitution. The Court
of Criminal Appeals has held that state constitutional and statutory provisions do not
create a standard in ineffective assistance cases that is more protective of a defendant’s
rights than the standard put forward by the Supreme Court in Strickland, and the Court
has expressly provided that Texas courts will follow the Strickland standards in
determining ineffective assistance and prejudice resulting therefrom. Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).
 
          Here, appellant asks this Court to “re-adopt” the Duffy test, which did not require
an appellant to show harm or prejudice, and essentially applied only the first prong of
Strickland in deciding an ineffective-assistance-of-counsel claim under state
constitutional law. See Ex Parte Duffy, 607 S.W.2d 507, 509 (Tex Crim. App. 1980). 
However, the Court of Criminal Appeals expressly overruled Duffy in deciding
Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The Hernandez Court
held that the two-pronged Strickland standard applies to all ineffective-assistance-of-counsel claims alleging a deficiency in attorney performance at non-capital sentencing
proceedings. Id. at 773. The Court of Criminal Appeals specifically held that, as a
matter of federal constitutional law, the Court was required to disregard principles of
stare decisis and overrule its decision in Duffy, as well as Ex Parte Cruz, 739 S.W.2d
53 (Tex. Crim. App. 1987). See Hernandez, 988 S.W.2d at 772.
          Consequently, we decline appellant’s request to “re-adopt” the Duffy test for
determining ineffective assistance of counsel. We overrule appellant’s sixth point of
error.          
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
    Tim Taft
                                                                         Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.4.